COMMONWEALTH *vs.* JAMES LANNAN.

An indictment for obtaining property by false pretences, which alleges that the defendant, intending to cheat and defraud A., made to him certain false representations respecting a horse, which A. believed, and, being deceived thereby, was induced to purchase and receive of the defendant the horse, and gave and delivered to the defendant certain property in payment therefor, does not sufficiently set forth that A. purchased the horse respecting which the false representations were made, or parted with his property by reason thereof.

INDICTMENT, alleging that the defendant, intending to cheat and defraud one Joseph A. Harwood, made to him certain false representations respecting a bay colored horse, which Harwood believed; " and, being deceived thereby, was induced by reason of the false pretences and representations so made as aforesaid to purchase and receive of the said Lannan the said bay colored horse, and then and there gave and delivered into the hands of the said Lannan in payment therefor the property, moneys, goods and chattels of the said Harwood of the amount and value of two hundred and fifty dollars," which property was described; that the defendant received the same, with fraudulent

intent; and that the representations were false. After a verdict of guilty in the superior court, the defendant moved in arrest of judgment, on the ground that the indictment contained no allegation of any bargain for or delivery of the horse, concerning which the false representations were made, and for other reasons; but *Putnam*, J., overruled the motion, and to this and other rulings the defendant alleged exceptions.

*G. Sennott*, for the defendant.

*Foster*, A. G., for the Commonwealth.

HOAR, J. We think the motion in arrest of judgment in this case must prevail, and that conclusion renders a decision of the exceptions taken upon other points unnecessary. In *Common-wealth* v. *Strain*, 10 Met. 521, it was held that, "when money or other property is obtained by a sale or exchange of property, effected by means of false pretences, such sale or exchange ought to be set forth in the indictment, and that the false pretences should be alleged to have been made with a view to effect such sale or exchange, and that by reason thereof the party was induced to buy or exchange, as the case may be." Whatever it is necessary to set forth in an indictment must be distinctly averred, by a proper affirmative allegation, and not by way of inference or argument merely. This is an elementary rule in criminal pleading.

But, in the indictment before us, there is no direct averment that the prosecutor bought the horse; it is only stated that by means of the false pretences set forth, he "was induced" to purchase him; and although the allegation is directly made that he gave and delivered to the defendant certain property in payment for the horse, it is not averred that he made this payment and delivery by reason of the false pretences alleged.

The defect seems to have arisen from erasing some of the words in the common printed form, and omitting to restore a part of them in a subsequent part of the indictment where it became necessary to use them. *Judgment arrested.*